Andrew McClain, J.,
delivered the opinion of the Court. .
The defendant was indicted in the Municipal Court *554 of Memphis, under the late Act of Assembly, passed December 18, 1869, ch. 39, entitled,. “An Act regulating places of public amusement.” The Act provides, “That in theaters and other places of amusement, where any admission fee is or is not required from visitors, no wine, spirituous or malt liquors, or cigars, shall be sold or furnished to visitors inside of such place of amusement, nor in any apartment opening into the same.”
The defendant moved the Court to quash the indictment, which motion was overruled.
He then pleaded mot guilty, and was put upon his trial and found guilty; and was, by the Court, fined fifty dollars. Motions for a new trial and in arrest of judgment, were made and overruled, and the defendant has appealed to this Court.
The Attorney-general also moved the Court to revoke the defendant’s State and county license for keeping a theater; which motion being overruled, the Attorney-general excepted; and from this ruling of the Court he also prayed an appeal to this Court. At the trial it was admitted on the part of the State, that at the time the acts alleged in the indictment were committed by the defendant, he held license from the State, which was still in force, to carry on a place of public amusement, and to retail liquors and cigars; but it does not appear at what time defendant procured this license. If the record had shown that the license was procured before the passage of this Act of Assembly under which defendant is indicted, it would have presented a question of some difficulty. But it does not appear but that the license was procured after the passage of the Act *555 referred to; and if so, it' presents no obstacle in the way of the present prosecution.
Tt follows that the judgment- against the defendant must be affirmed.
The motion of the Attorney-general for forfeiture was erroneously overruled, and' ruling of the Court refusing, to adjudge defendant’s license forfeited, will be overruled.
It appearing that this is the ■ second conviction and proceeding to render the judgment which the Court should have rendered, it is ordered that defendant’s license be revoked and annulled.